## WILLIAM PAGE, PLAINTIFF IN ERROR,

*v.*

## GEORGE D. RODNEY, DEFENDANT IN ERROR.

The refusal of a trial Court to set aside the verdict of a jury and grant a new trial is an exercise of discretion, not to be reviewed by an appellate Court, unless it can be shown there has been an abuse of discretion, or unless there be a great preponderance of evidence against the verdict. *Gove* v. *Moses*, 1 Wash. Rep., *affirmed.*

ERROR, to Second Judicial District, holding terms at Tacoma.

*Elwood Evans*, for Plaintiff in error.

Where the verdict was against the testimony, it was clearly the duty of the Judge to set it aside. (Hayne on New Trial and Appeal, Ed. 1884, Vol. 1, p. 271, Sec. 97; *Hawkins* v. *Reichert*, 28 Cal. 539; *Dickey* v. *Davis*, 39 Cal. 569.)

Where verdict is against the preponderance of testimony, it is an abuse of sound discretion *not to set it aside*. (*Seeley* v. *Perry*, 3 N. W. Rep. 678.)

(1.) Did plaintiff in error make proper and sufficient showing of newly discovered evidence, and is such evidence merely cumulative? (4th subdivision, Sec. 276 and Secs. 278, 279, Code of Washington; Hayne on New Trial and Appeal, Vol., Secs. 88, 89, and 90; *Hawkins* v. *Reichert*, 28 Cal. 539; *Dickey* v. *Davis*, 39 Cal. 569; *Mason* v. *Austin*, 46 Cal. 387; *Sherman* v. *Mitchell*, Id. 580; *Higuerra* v. *Bernal*, Id. 581; *Fuller* v. *Fletcher*, 9 Fed. Rep. 128.)

As to diligence, or conversely, is negligence explained away, or satisfactorily accounted for? (Id. 92; *Mansfield, Frese & Co.* v. *Dudgeon & Gordon*, 6 Fed. Rep. 584; Hayne on New Trial and Appeal, Sec. 99.)

*James M. Ashton* and *Glidden & Town*, for Defendant in error.

The evidence, as contained in the statement of fact, is conflicting; still it amply supports the conclusions reached by the jury upon the issues joined. And it must be a clear case of want of proof to justify this Court in interfering with the verdict of a jury, on the grounds of error assigned. (*Tawney* v. *Cady*, 6 N. W. Rep. 464, Neb.)

The rule is well established, that where a verdict is clearly wrong, it will be set aside, but where there is only doubt of its correctness, it will not be disturbed. (*Monroe* v. *State of Nebraska*, 7 N. W. Rep. 285, and many cases there cited; *Huff* v. *Nims*, 9 N. W. Rep. 548, Neb. Also, *Vide Blanchard* v. *Loyes*, Id. 568; United States Digest N. S., Vol. VIII., p. 312, Secs. 12 and 13; *Schnell* v. *Loomer*, 56 Ga. 168; *Hubbard* v. *Rankin*, 71 Ill. 129; *Williams & Co.* v. *Miller & Co.*, 1 Wash. Rep. 88, 91; *The Atchison & Nebraska R. R. Co.* v. *Jones*, 2 N. W. Rep. 228.)

And a verdict will not be disturbed if there is reasonable evidence tending to support it. (*Marie* v. *Polleys et al.*, 1 N. W. Rep. 389, Wis.; *Mensel* v. *Semple*, Id., Vol. 4, p. 110, Wis.

To justify an appellate Court in reversing the verdict of a jury, on the ground that it is against evidence, there must be a preponderance of evidence against it so great as to satisfy the Court that there was either an absolute mistake on the part of the jury, or that they acted under the influence of prejudice, passion or corruption. (*State* v. *Yellow Jacket Co.*, 5 Nev. 415; *Carlyon* v. *Lannan*, 4 Nev. 166; *Quint* v. *Ophir S. M. Co.*, 4 Nev. 304; *Reed* v. *Reed*, 4 Nev. 395; *Covington* v. *Becker*, 5 Nev. 281; *Clark* v. *Nevada L. & M. Co.*, 6 Nev. 203; *Lewis* v. *Wilcox*, 6 Nev. 215; *Treadway* v. *Wilder*, 9 Nev. 67; *Margaroli* v. *Milligan*, 11 Nev. 96.)

If the proof is of doubtful interpretation, or there is evidence to support the verdict, it will not be disturbed. (*Gove* v. *Moses*, 1 W. T. Rep. 7; *Gutierrez* v. *Brinkerhoff*, Pacific Reporter, Vol. 1, p. 482, and *vide* opinion of McKinstry, J., same case, 486; *Pierce* v. *Schroder*, 55 Cal. 406; *Branner* v. *Wetzler*, Idem, 419; *Phelps* v. *Union C. N. Co.*, 39 Cal. 411; *Hall* v. *Bonning*, 33 Cal. 521.)

The affidavit shows the newly discovered evidence is merely contradictory of plaintiff's evidence, and the moving papers show it to be cumulative, evidence having been introduced on the same issue. (Sec. 88, citing 36 Cal. 388, *States* v. *Monroe;* also *Bartlett* v. *Hogden*, 30 Cal. 58; *Goven* v. *Dopman*, 5 Cal. 342; *Taylor* v. *Cal. Stage Co.*, 6 Cal. 229; *Live Yankee Co.* v. *Oregon Co.*, 7 Cal. 42; *Wright* v. *Carillo*, 22 Cal. 596; *Spencer* v. *Doane*, 23 Cal. 420; *Aldrich* v. *Palmer*, 24 Cal.

515; *Meyer* v. *Mowery*, 34 Cal. 516; *Livilsky* v. *Johnson*, 35 Cal. 43; *Armstrong* v. *Davis*, 41 Cal. 499; *People* v. *McDonell*, 47 Cal. 137.)

The affidavit states legal conclusions. The facts do not sufficiently appear. He states that he discovered the evidence, but does not state how. His affidavit alone shows that the witness will so testify, which is not sufficient. (Hayne on New Trial and Appeal, Sec. 93, Vol. 1, ed. 1884; *Rogers* v. *Huie*, 1 Cal. 433; *Jenny Lind Co.* v. *Bower*, 11 Cal. 199; *Baker* v. *Joseph*, 16 Cal. 180; *Arnold* v. *Skaggs*, 35 Cal. 686–7; *People* v. *DeLacy*, 38 Cal. 590; *Case* v. *Codding*, 38 Cal. 194; *People* v. *Vale*, 43 Cal. 168.)

Opinion by WINGARD, Associate Justice.

This is a suit at law, in which the plaintiff in error, who was defendant below, seeks to reverse a judgment of the District Court, and secure a new trial.

The substantial error complained of is overruling the motion of plaintiff in error for a new trial, upon causes in said motion alleged.

Juries are the exclusive judges of the facts adduced in evidence before them at the trial; and while Judges before whom a cause is tried would sometimes return a different verdict from that found by the jury, were it their province to do so, it is no abuse of discretion in all such cases to refuse a new trial.

As early as 1855, this Court held that nothing but an abuse of discretion on the part of the Court, or a great preponderance of evidence against the verdict, will cause this Court to interfere (*Gore* v. *Moses*, 1st W. Ty. Rep. 9); and the principle of this decision has since been adhered to. (Ibid, 544, 570, 588; 5th Nev. 415.)

The record in this case discloses a conflict of evidence, and we cannot say that the Court erred in refusing a new trial. The affidavit purporting to set up after-discovered evidence affords no grounds for a new trial.

Let the judgment of the Court below be affirmed.

We concur: ROGER S. GREENE, Chief Justice.
GEORGE TURNER, Associate Justice.